UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAFIL TUNSILL,

           Plaintiff,

    v.                                                                Civil Action No. 25-1556 (RCL)

SCOTT BESSENT,

           Defendant.

## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

By and through undersigned counsel, Defendant Scott Bessent, in his official capacity as Secretary of the Treasury ("Defendant"), respectfully moves to dismiss Plaintiff's complaint, ECF No. 1, pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) ("Rules"). In support of this motion, Defendant submits this memorandum in support.

### BACKGROUND

Plaintiff, Kafil Tunsill, appearing pro se, has filed a complaint on behalf of himself and as Trustee of an entity identified as the "Serving Humanity Trust" (Compl., ECF No. 1 at 1). The complaint is labeled a "Complaint for Declaratory Judgment, Writ of Mandamus, Injunctive Relief, and Damages under *Bivens*". *Id*. Plaintiff has named as Defendant Scott Bessent, in his official capacity as Secretary of the United States Treasury, "and in his individual capacity where applicable". *Id.*[1] The following facts are taken from Plaintiff's complaint and are assumed as true only for purposes of this motion.

---

[1]     Undersigned counsel currently represents the Defendant in his official capacity only, and not in his personal capacity. However, as explained in this memorandum, the complaint does not plausibly allege any actions taken by the Defendant in either his official or individual capacities, and dismissal of the complaint is warranted. The individual Defendant does not waive, and

Plaintiff claims to bring this matter as a Trustee, "joined by numerous other harmed Americans who have submitted affidavits of joinder and consent to remedy . . ." *Id.* ¶ 1.  He asserts claims under 12 U.S.C. § 411, identified in the complaint as the Emergency Banking Relief Act, the Fifth Amendment, and "equitable principles of law."  *Id.*  Plaintiff claims to be "a lawful man and Trustee of the SERVING HUMANITY TRUST" and "invokes this Court's equitable and constitutional jurisdiction to compel the United States Treasury to redeem Federal Reserve Notes in lawful money." *Id.*

Plaintiff submits as Exhibit B to his complaint what he terms as "sworn Affidavits of Joinder and Consent to Remedy, submitted by similarly harmed Americans asserting their right to lawful money redemption under 12 U.S.C. § 411." *Id.* ¶ 3.

Attached to the complaint as Exhibit C is a document that Plaintiff labels the "Declaration of Trust for Serving Humanity Trust", that he claims "demonstrat[es] standing and lawful purpose in asserting this action under equity." Compl. ¶ 5.  According to Plaintiff, this Declaration of Trust is "created solely in the Name of Allah" and is "governed by the Qur'an alone . . .", and is "non-statutory, foreign to all man-made jurisdictions, and established exclusively for the purpose of manifesting Deen al-Islam, or as understood in biblical terms, the Kingdom of God on Earth."  *See* Ex. C at 1.  According to Plaintiff, the purpose of this Trust is to "serve Allah by serving His creation.  The life of every human being is sacred." *Id.*  Plaintiff further states that the Trust "exists under the exclusive jurisdiction of Allah" and that "[n]o court, government, or institution on earth holds any superior claim over this Trust or its assets, beneficiaries, or operations." *Id.*

---

expressly reserves, any and all defenses that may be available to him in this action, including without limitation, immunity from suit, personal jurisdiction, and insufficient service of process.

Plaintiff's complaint is not a model of clarity, but it appears that he is attempting to redeem federal reserve notes from the U.S. Treasury on behalf of the Trust and its beneficiaries.  *See generally* Compl., and Exs. B and C thereto.  In Plaintiff's "Notice of Intent to Redeem Obligations and Demand for Lawful Remedy" (Compl. Ex. B, ECF No. 1-2 at p. 8 of 104), signed by Plaintiff on May 2, 2025, he states that if the government fails to comply with his demands, he will seek criminal indictments under 18 U.S.C. § 2381 and "will pursue the death penalty where lawfully warranted."  *Id.*[2]

Plaintiff's complaint contains five counts.  Count I seeks a declaratory judgment "affirming the enforceability of 12 U.S.C. § 411; Count II seeks a writ of mandamus that Defendant has a legal duty to perform "lawful money redemption"; Count III seeks an injunction preventing the Defendant from further refusal to redeem federal reserve notes; Count IV claims a violation of Fifth Amendment due process; and Count V asserts that Secretary Bessent is liable in his individual capacity under *Bivens*.  Compl. at 3.

## LEGAL STANDARDS

### a. Rule 8

Rule 8(a) mandates that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  Rule 8(d)(1) further states that "[e]ach allegation must be simple, concise, and direct."  "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules[,]" *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citation omitted), and it is

---

[2]    Plaintiff makes these threats against the Department of the Treasury, the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve, the U.S. Attorney General, the Clerk of the House and Senate, the President of the United States, and "[a]ny other parties charged with upholding the U.S. Constitution . . ."  Compl. Ex. B, ECF No. 1-2 at p. 7 of 104.

well established that Rule 8 "sets out a minimum standard for the sufficiency of complaints" in order "to give fair notice of the claim[s] being asserted" and the grounds upon which they rest, "so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable[,]" *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that the requirements of Rule 8 are meant "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (internal quotation marks and citation omitted)).

**b. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In response to a motion to dismiss a complaint for lack of subject jurisdiction, a plaintiff must establish jurisdiction by a preponderance of evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting Plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may not exercise subject matter jurisdiction over an incoherent or frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Tooley v. Napolitano*, 586 F. 3d 1006, 1010 (D.C. Cir. 2009).

### a. Rule 12(b)(6)

Under Rule 12(b)(6), the court may dismiss all or part of a complaint that fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim will fail this inspection if it asserts a legal theory that is not cognizable as a matter of law or if the factual tale it alleges is implausible. *Twombly*, 550 U.S. at 570. The pleading must demonstrate that the allegations "possess enough heft" to show a plausible entitlement to relief. *Id.* at 557. Although a complaint need not contain detailed factual allegations, it must allege enough facts to raise a plaintiff's claims beyond the level of speculation and must "nudge[] their claims across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 557 n.5. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alterations in original).

When a claim is challenged under Rule 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 n.3 (D.C. Cir. 1997); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

Plaintiff's complaint is frivolous, incoherent, and presents no plausible claims against the Defendant over which this Court has jurisdiction. Pursuant to Rules 8(a), 12(b)(1), and 12(b)(6), Plaintiff's complaint should be dismissed.

eviscerated

## I.     Plaintiff Cannot Sue on Behalf of a Trust or a Class of Beneficiaries

At the outset, Plaintiff is unable to maintain this action on behalf of the purported Trust or any of the beneficiaries thereof. Plaintiff is appearing in this action pro se as a trustee, and there is no indication that he is an attorney licensed to practice law in this District or in any other jurisdiction. Thus, as an initial matter, Plaintiff cannot proceed as Trustee of the Serving Humanity Trust "and all others similarly situated" who have "submitted affidavits of joinder and consent to remedy . . ." Compl. at 1.

"[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class." *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003). "In all courts of the United States the parties may plead and conduct *their own* cases personally or by counsel . . ." 28 U.S.C. § 1654 (2000); *see, e.g.*, *Emrit-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("[F]ederal courts have consistently rejected attempts at third-party lay representation[.]"); *Emrit v. Fed. Rsrv. Bank*, No. 25-1553, 2025 WL 1707692, at *1 (D.D.C. June 16, 2025) (finding that a non-attorney plaintiff proceeding pro se cannot bring class action).

Therefore, Plaintiff is unable to proceed on behalf of the Trust and any of its purported beneficiaries, and any other persons "similarly situated" to Plaintiff. This includes all the individuals who have submitted Notices of Support and Joinder by Beneficiary statements attached as Ex. B to the complaint.

Even considering Plaintiff's claims individually, this Court lacks subject-matter jurisdiction to hear his case and he has failed to state any plausible claims, as discussed below.

## II.     Plaintiff lacks Standing to Bring a Claim Under 12 U.S.C. § 411

Plaintiff's primary allegation is that this Court has jurisdiction to hear his complaint pursuant to 12 U.S.C. § 411. Compl. at 1, 2, and 4. Plaintiff is mistaken. This statute governs the issuance of Federal Reserve notes to Federal Reserve banks and does not provide Plaintiff with a private right of action or any other remedy.

Here, Plaintiff seeks to compel the U.S. Treasury to redeem "Federal Reserve Notes" for lawful money under the statute. However, 12 U.S.C. § 411 only applies to notes issued by the Federal Reserve to make advances to Federal Reserve banks and does not provide for the assumption of personal liability for individual debts. The statute reads as follows:

> Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues.

12 U.S.C. § 411.

The purpose behind 12 U.S.C. § 411, which governs issuance of Federal Reserve notes, is to make clear that the notes are authorized currency of the United States. *Provenza v. Comptroller of Treasury*, Md. App. 1985, 497 A.2d 831, 64 Md. App. 563.

There is no "private right of action" under 12 U.S.C. § 411 because the statute governs the issuance and redemption of Federal Reserve notes, and states that they are obligations of the United States and receivable for taxes and public dues and does not provide for individuals to sue for violations of its terms. This section does not create individual causes of action but rather describes the nature and backing of U.S. currency, with enforcement responsibilities lying with the relevant government bodies.

Plaintiff's allegation of a violation of 12 U.S.C. § 411 refers to the codification of the relevant portion of section 16 of the Federal Reserve Act, and 12 U.S.C. § 504, the codification of

section 29 of the Act.  But the Federal Reserve Act does not confer a private right of action, nor does Section 411.  The Federal Reserve Act governs the interaction between banks and the Federal Reserve.  "No law . . . in the country. . . suggests that a private individual may bring a claim under 12 U.S.C. § 411 or § 412."  *Arnold v. Santander Consumer USA*, Civ. A. No. 24-1125, 2025 WL 1358546, at *2 (D. Conn. May 9, 2025) (citing *Yancey v. Fulton Fin. Corp.*, Civ. A. No. 23-1791, 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024)). "Courts have routinely held that . . . Sections 16 and 29 of the Federal Reserve Act do not confer a private right of action." *Yancey*, 2024 WL 1344534, at *1.

Thus, it is clear Plaintiff has no private cause of action under 12 U.S.C. § 411 and his complaint can be dismissed on that basis alone.  Nonetheless, there are other grounds for dismissal of Plaintiff's complaint.

### III.    Plaintiff's Complaint Fails to Contain a Short and Plain Statement Showing that he is Entitled to Relief

Here, the complaint does not conform with Rule 8(a) and should be dismissed.  Plaintiff's incoherent statement of claim is severely insufficient and does not even fulfill the modest obligation to provide the Defendant with the notice necessary to evaluate his claims.  *See, e.g.*, *Ferrell*, 2023 WL 2043148, at *7 (Rule 8(a) "ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of res judicata applies.") (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

Indeed, Plaintiff lists several statutes but fails to detail how the Defendant engaged in any activity that violated those statutes or how those statutes apply to him.  Although Plaintiff appears before the Court *pro se*, he may not disregard the fundamental rules of procedure.  *See Haines v. Kerner*, 404 U.S. 519 520 (1972); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987); *Matthews*,

*supra*.  "[F]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Plaintiff's complaint clearly does not do this.

### IV.    Plaintiff's Complaint is Frivolous and Should be Dismissed

Finally, Plaintiff's complaint fails to state a plausible claim against the Defendant and provides no basis for jurisdiction in this Court.  It is well-settled that a court cannot exercise subject matter jurisdiction over a frivolous and incoherent complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.")).  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Plaintiff is alleging that he and the beneficiaries of the Serving Humanity Trust, of which he claims to be the Trustee, are entitled to redemption of money from the Federal Reserve.  At base, Plaintiff is simply demanding money from the Federal Reserve, claiming he has "submitted obligations to the U.S. Treasury including International Bills of Exchange, 1099-OIDs, Affidavits of Suretyship, and Redemption Notices."  See Ex, B to Compl., ECF No. 1-2, p. 7 of 104.  This is a frivolous and incoherent claim, and patently insubstantial.

Plaintiff's complaint fails to establish a basis for this Court's jurisdiction and makes claims that are incoherent and frivolous yet is also accompanied by death threats.  A reading of the Complaint demonstrates that the Court lacks a legal and factual basis to exercise subject matter jurisdiction over it and that Plaintiff has failed to state any cognizable claims against the Defendant that survive analysis under Rules 12(b)(1) and 12(b)(6).  Plaintiff cannot point to any facts or legal theory to support any plausible claims or the grounds for this Court's jurisdiction.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint makes no plausible claims against the Defendant over which this Court has jurisdiction, and the complaint should be dismissed.  A proposed order is enclosed herewith.

Dated: August 25, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:       */s/ Thomas W. Duffey*
         THOMAS W. DUFFEY
         Assistant United States Attorney
         601 D Street, NW
         Washington, DC 20530
         (202) 252-2510

         *Attorneys for the United States of America*


## CERITICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the pro se Plaintiff this date via first class mail at the following address:

KAFIL TUNSILL
Trustee for Serving Humanity Trust
2745 Miccosukee Road

Tallahassee, FL 32308

*/s/ Thomas W. Duffey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAFIL TUNSILL,

              Plaintiff,

      v.                              Civil Action No. 25-1556 (RCL)

SCOTT BESSENT,

              Defendant.

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion to dismiss, any opposition thereto, and

the entire record herein, and for good cause shown, it is hereby

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that Plaintiff's complaint is dismissed with prejudice.

SO ORDERED:


_____                         _____
Dated                                                ROYCE C. LAMBERTH
United States District Judge