UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAFIL TUNSILL**, <br><br> *Plaintiff,* <br><br> v. <br><br> **SCOTT BESSENT**, *in his official capacity as Secretary of the United States Treasury and in his individual capacity where applicable,* <br><br> *Defendant.* | Case No. 1:25-cv-1556-RCL |

## MEMORANDUM OPINION & ORDER

Defendant Scott Bessent, in his official capacity as Secretary of the Treasury, has moved to dismiss Plaintiff's complaint in this action. *See* ECF No. 6. Before the Court is this motion, along with Plaintiff's motion for joinder, *see* ECF No. 2, Plaintiff's motion to file his opposition out of time, *see* ECF No. 7, and Plaintiff's motion for leave to file an amended complaint, *see* ECF No. 8. Having reviewed these motions and the complaint, the Court deems Plaintiff's claims frivolous. While the Court **GRANTS** Plaintiff's motion to file his untimely opposition *nunc pro tunc*, the motion for leave to file an amended complaint is hereby **DENIED** as futile. Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motion for joinder is therefore **DENIED** as **MOOT**.

### I.   BACKGROUND

Plaintiff Kafil Tunsill, appearing *pro se*, has filed a complaint "as Trustee" of an entity identified as the Serving Humanity Trust, "on behalf of himself and all similarly situated citizens who have demanded redemption of Federal Reserve Notes in lawful money as authorized by law."

1

Compl. at 2, ECF No. 1. In Plaintiff's words, the Trust is "created solely in the Name of Allah" and is "governed by the Qur'an alone," meaning that "[n]o court, government, or institution on earth holds any superior claim over [the] Trust or its assets, beneficiaries, or operations" because the Trust "exists under the exclusive jurisdiction of Allah." *See* Compl. Ex. C "Declaration of Trust for Serving Humanity Trust" at 1, ECF No. 1-2.

Although Plaintiff asserts that he has demanded that the Treasury redeem his "Federal Reserve Notes" for "lawful money," Compl. at 2, Plaintiff does not make clear what he has tendered to the Treasury, nor is it clear what Plaintiff believes he is entitled to in return. As best the Court can discern, it would seem that Plaintiff has "submitted obligations to the U.S. Treasury including International Bills of Exchange, 1099-OIDs, Affidavits of Suretyship, and Redemption Notices." Compl. Ex. B, "Notice of Intent to Redeem Obligations and Demand for Lawful Remedy" at 2, ECF No. 1-2. Plaintiff further asserts that "lawful consideration has been tendered through trust-issued instruments and digital settlement units known as Serving Humanity Coin (SHC) on the XRP Ledger." "Notice of Filing and Declaration of Lawful Money Redemption and Trust Suretyship" at 1, ECF No. 9. According to Plaintiff, his trust holds 111,000 SHC for each of its 10,000 beneficiaries. *Id.* at 2. He contends that each beneficiary "is authorized to issue a Private Bond of $100 Billion USD face value, secured by their trust position and SHC holdings." Notice Ex. A, "Affidavit of Truth" at 1, ECF No. 9. Plaintiff also brazenly asserts that if the defendant fails to comply with his demands, he will seek criminal indictment under 18 U.S.C. § 2381 and "will pursue the death penalty where lawfully warranted." Compl. Ex. B, "Notice of Intent to Redeem Obligations and Demand for Lawful Remedy" at 2.

## II.     LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint that fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Typically, a court considers whether to dismiss a claim after the defendant files a motion to dismiss," but "[c]omplaints may also be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever the plaintiff cannot possibly win relief." *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 44 (D.D.C. 2013) (quoting *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994)) (internal quotation marks and citation omitted).

### III.  DISCUSSION

While the Court has before it a variety of interrelated motions, the disposition of all of them, and indeed the determinative feature of this case, comes down to fact that, liberally construed, the complaint fails to present any non-frivolous argument. Plaintiff asserts that the Treasury has failed to redeem into "lawful money" the "Federal Reserve Notes" tendered to it by Plaintiff. But he alleges no plausible set of facts to support this assertion, nor does he construct a viable legal theory as to the relief he seeks.

#### A.  12 U.S.C. § 411

Plaintiff's primary contention appears to be that the Treasury violated 12 U.S.C. § 411 by failing to "redeem in lawful money" his "Federal Reserve Notes." Compl. at 2. This argument falls flat on the merits.

To begin, the complaint, to the extent it is intelligible, appear to be brought on behalf of the Serving Humanity Trust. Cases brought on behalf of a trust cannot proceed without licensed counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Muthoka v. United States*, No. 1:23-cv-02436, 2023 WL 6961828, at *2 (D.D.C. Oct. 19, 2023) (collecting cases supporting the rule that "as an artificial entity, a trust cannot proceed in federal court without licensed counsel"). Because Tunsill does not appear to be a licensed attorney, dismissal is appropriate on this ground alone.

3

But even to the extent Plaintiff seeks to bring this claim on his own behalf, he cannot establish a private right of action under § 411, which reads as follow:

> Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

Federal Reserve "notes" are more commonly known as paper money or cash. *See* BD. OF GOVERNORS OF THE FED. RSRV. SYS., *Currency*, https://www.federalreserve.gov/aboutthefed/currency.htm [https://perma.cc/3QVW-QNP3]; *Am. Council of Blind v. Mnuchin*, 977 F.3d 1, 2 (D.C. Cir. 2020) (referring to "Federal Reserve Notes—that is, U.S. paper currency"). As the statute makes clear, § 411 governs the issuance procedures of paper money by the Federal Reserve to Federal Reserve banks. Put simply, this statute describes a feature of the Federal Reserve System's basic architecture: the Federal Reserve banks receive cash under rules defined by the Board of Governors, and that cash enters circulation through the banking system. As for the bit about these notes being redeemable for "lawful money," this language carried a different and now-outdated significance under the monetary framework as it existed when the statute was enacted in 1913. BD. OF GOVERNORS OF THE FED. RSRV. SYS., *What is lawful money? How is it different from legal tender?*, https://www.federalreserve.gov/faqs/money_15197.htm [https://perma.cc/C8G3-9SVQ]. Today, paper cash is of course itself recognized as "lawful money," and § 411 carries no promise of convertibility into some conceivably more legitimate form of money. *See Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1279 n.4 (7th Cir. 1984) (rejecting the argument that Federal Reserve notes are not lawful money); *United States v. Rickman*, 638 F.2d 182, 184 (10th Cir. 1980) (same); *Milam v. United States*, 524 F.2d 629, 630 (9th Cir. 1974) (same).

Were Plaintiff's incorrect understanding of the statute not enough, no provision of federal law suggests that § 411 does "confer[s] a private right of action," as many other courts have recognized. *Yancey v. Fulton Fin. Corp.*, No. 23-cv-1791, 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024)); *Arnold v. Santander Consumer USA*, No. 24-cv-1125, 2025 WL 1358546, at *2 (D. Conn. May 9, 2025) ("No law in the Second Circuit—or in the country—suggests that a private individual may bring a claim under 12 U.S.C. § 411 . . . ."). This Court concurs. For all these reasons, the claim fails as a matter of law.

### A. Fifth Amendment and *Bivens* Claims

Plaintiff also alleges a violation of Fifth Amendment due process and asserts that Secretary Bessent is liable in his individual capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. at 3. As with the § 411 claim, these claims cannot proceed without appointed counsel to the extent they are brought on behalf of a trust. *See* 28 U.S.C. § 1654. What's more, both of these claims appear to be predicated on Plaintiff's "statutory right" under § 411. Plaintiff asserts that the Treasury's "refusal to honor [his] statutory right without a hearing or process is a violation of due process," and he alleges that Defendant is "is liable in his individual capacity for knowingly denying Plaintiff's clearly established rights." Compl. at 3. Because, for the reasons already discussed, Plaintiff (and the Trust) has no actionable rights under § 411, these claims are wholly without merit. As such, these claims are also dismissed.

Although Defendant moved to dismiss only in his official capacity, and Plaintiff has asserted the *Bivens* claim against Defendant in his individual capacity, this claim is nevertheless dismissed as well. District courts may "dismiss complaints *sua sponte* for failure to state a claim under Rule 12(b)(6) whenever the plaintiff cannot possibly win relief." *Xiu Jian Sun v. Obama*,

No. CV 21-1442 (JDB), 2021 WL 2291941, at *1 (D.D.C. June 4, 2021) (quoting *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994)) (internal quotation marks and citation omitted). Plaintiff fails to allege facts that would support an individual liability theory under *Bivens*, and therefore, any personal-capacity claims against Bessent are also dismissed.

### B. Amended Complaint

"[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215 (D.C. Cir. 2010) (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004)); *see also Carty v. Author Sols., Inc.*, 789 F. Supp. 2d 131, 135–36 (D.D.C. 2011) (dismissal with prejudice appropriate when permitting amendment would be futile because "amended complaint would suffer from the same flaw as the original complaint"). Because the proposed amended complaint suffers from the same flaws as the original, Plaintiff's motion for leave to file the amended complaint is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**; and it is further **ORDERED** that Plaintiff's motion for joinder is hereby **DENIED AS MOOT**; and it is further **ORDERED** that this case is hereby **TERMINATED** from the dockets of this Court.

**IT IS SO ORDERED.**

Date: 3-2-26

Royce C. Lamberth
United States District Judge